# HECHT v. UNITED STATES.
## No. H–129.

Court of Claims.
Jan. 18, 1932.

Albert S. Lisenby, of Washington, D. C. (Henry F. Wolff, I. Herman Sher, and Weill, Wolff & Satterlee, all of New York City, on the brief), for plaintiff.

Ralph C. Williamson, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and WHALEY, WILLIAMS, LITTLETON, and GREEN, Judges.

GREEN, Judge.

The plaintiff brings this suit to recover $66,217.05 with interest, alleged to have been overpaid on his taxes for the year 1919. This overpayment is alleged to have arisen as follows:

972

The plaintiff for many years has been a dealer in hides and skins in the city of New York. The plaintiff has a son, George J. Hecht, who was graduated at Cornell University with a degree of Bachelor of Arts, pursuing the ordinary course for that degree, and who had been in 1917 serving on the Bureau of Research of the War Trade Board, working on statistics of hides and skins and tanning materials. He also enlisted in the Army as a private and served in the statistical division of the General Staff, working on statistics of hides and computing the requirements of the United States Army of the products thereof. The plaintiff had desired that his son should enter into his business and succeed him, but George seems to have had the idea of entering the advertising and publishing business. In the latter part of 1918, the father persuaded his son to give up his idea of entering some other business and to enter the business conducted by the father, and, on condition of the son so doing, the plaintiff agreed that he should have 25 per cent. of the profits of the business. It does not appear very definitely just what services it was agreed George should perform, but the findings show that after he entered the business on January 2, 1919, the son devoted his entire time and attention as an assistant to plaintiff in the management and control of the plaintiff's business and performed managerial duties. The total net profit of plaintiff's business in 1919 was $457,236.09, and on this basis George Hecht's salary for that year amounted to $114,309.02. This last-named amount was listed by plaintiff in his income tax return for 1919 as a part of the ordinary expense of the business and a deduction in that amount was claimed. The Commissioner allowed only $20,000 as a deduction for this item, and the sole issue in the case is whether the Commissioner's action was correct.

We find nothing in the evidence that indicates that the Commissioner's action was erroneous. There is much in the testimony as to the capacity of George J. Hecht, in a general way, and his value and usefulness to the business, but $20,000 is not a small salary, and men of high capacity are often employed for less sums. The evidence is entirely wanting in any testimony by competent witnesses as to what would be the reasonable and ordinary expense in the way of hiring a man to perform the duties which George performed and in general to fill his place. It will be noted that he had had no previous experience in the business, and had just entered into it the year in which these abnormally high profits occurred, which the evidence shows were entirely unexpected. Taking the evidence as a whole, we can find nothing which shows that the high profits that were made in the year 1919 were attributable to the services which George rendered. Rather the evidence tends to show that they were due to extraordinary conditions that prevailed that year. We have therefore found that the reasonable and ordinary expense of employing a competent and willing person to perform the services which were rendered by George would not exceed $20,000, and sustain the action of the Commissioner in this respect. As a result of this finding, it follows that the Commissioner was justified in refusing to permit anything above that amount to be taken as a deduction from the plaintiff's income for 1919 on account of this item under the Revenue Act of 1918, § 214 (a) (1), 40 Stat. 1066. See Botany Worsted Mills v. United States, 278 U. S. 282, 289, 290, 293, 49 S. Ct. 129, 73 L. Ed. 379.

Another and novel contention is made by counsel for plaintiff. It is urged in argument that the plaintiff is either entitled to a deduction from his gross income of the full amount of the compensation paid George Hecht pursuant to the contract made with him, or to have a determination that the total amount of said compensation is not a part of his taxable income. In other words, it is urged that, even if plaintiff is not allowed the amount which he agreed to pay his son as a statutory deduction, he is nevertheless liable on the contract, which is a valid and subsisting one, and therefore the amount so agreed upon should be taken out in determining plaintiff's income for the year in question.

With reference to the question thus raised, the findings show that the contract was a valid one, made without any purpose to defraud the government, and counsel for plaintiff cite authorities which it is contended show that the son thereby acquired a lien on the profits of the business for the agreed proportion thereof which was to be paid to him as salary. It appears that George Hecht originally returned the total amount of his salary for the year 1919 as part of his income for that year, but that, after the Commissioner had refused to allow this amount as a deduction from his father's income, he filed a claim for refund based on the amount disallowed, and that his claim for refund was sustained and a refund made ac-

cordingly. Apparently the Commissioner regarded the amount of the salary over and above what he considered a reasonable and ordinary expense to be a gift and not taxable. But what was done with reference to the income tax of George Hecht and the reasons for the action of the Commissioner in connection therewith is immaterial in this case. It is doubtful whether the plaintiff's application for a refund covered the claim which is now being considered, but, in any event, we do not think the position of his counsel well taken.

It is contended in argument, as above stated, that George Hecht acquired a lien on the profits of the company for the amount of compensation which he was to receive under the contract, and that this compensation was income to him and not to the father. Therefore, it is said it should not be included in the income required to be returned by the father. It should be observed that, if this contention is sustained, it would practically nullify the statute with reference to deductions for salary in such cases as the one at bar. Unless it could be shown that the contract was made for the purpose of defrauding the government or evading just taxes—a very difficult matter to prove—while the amount of the salary could not be allowed as a deduction, the same effect would be accomplished by reducing the income to the same extent. As a practical matter, it would make no difference which way it was done, but we do not need to consider whether we should so construe the statute as to prevent evasion, for we think the powers of Congress and the principles upon which income taxes are levied are not in accord with the argument presented on behalf of plaintiff.

Congress has power, with the approval of the President, to levy an income tax, and it is for Congress to say, within reasonable limits at least, how the tax shall be measured and what deductions should be made in computing the tax on the income, or, in its wisdom and discretion, it may refuse to allow any. Accordingly, Congress had the right to specify how the tax upon the income from plaintiff's business should be measured, also what sums might be deducted in so measuring it, and that the provisions limiting the sums which might be taken out of this income should apply, regardless of whether the claim is made that they were taken under some special provision of the statute for deductions, or whether it is claimed that they should be taken out in ascertaining what the net income was. One of the most difficult things to ascertain in many kinds of business is the amount of the net income resulting therefrom. We do not think that the constitutional amendment required Congress to impose a tax on net income in a technical sense, for, if it did, the income tax would be almost impossible to administer in many if not in most cases. It is true that the statute provides that the tax shall be levied upon "net income," but this is "net income" as defined by another section, and means the gross income as elsewhere defined, less the deductions as specified in other sections. In other words, Congress has in the law defined what net income means, and in our opinion it had authority so to do. The intent and meaning of the statute is plain that a deduction of the kind sought to be taken cannot be made unless the expense is reasonable and ordinary, and the statute does not permit the deduction to be made under some other guise. We therefore hold that the Commissioner properly refused to make the refund.

It follows from what has been said above that the petition of the plaintiff must be dismissed, and it is so ordered.