## SAMUEL HEATH CO. v. UNITED STATES.
### No. K–299.

Court of Claims.
March 13, 1933.

Theodore B. Benson, of Washington, D. C., for plaintiff.

Monte Appel, Asst. Atty. Gen. (Charles B. Rugg, Asst. Atty. Gen., and R. C. Williamson, of Washington, D. C., on the brief), for the United States.

Before GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WHALEY, Judge.

This suit is brought for the purpose of recovering the total sum of $5,309.13 paid as income taxes for the years 1920, 1922, 1923, and 1924.

Samuel Heath, who conducted a coal and building supplies business, incorporated the plaintiff company under a New Jersey charter with a capital of $100,000 and transferred to the company all the assets of his business in exchange for 540 shares of its capital stock. Two additional shares were issued to his sons, Howard Heath and S. Roy Heath, respectively. On the same day the company was organized, the assets delivered, and the stock issued, the plaintiff company entered into two similar agreements with the two sons in which it was provided that they should act as officers of the company and receive for their services all the profits of the corporation after the deduction of a 5 per cent. dividend upon the capital stock of the company, to be equally divided between them. Samuel Heath died within the year of incorporation

and during the following years there were certain changes in the ownership of the stock which increased the holdings of the two sons. However, the agreement between the company and the sons remained in effect and unchanged during all the years in controversy. In the year 1920, under the terms of this contract, these two sons received $30,154.12; in the year 1922, $30,770.46; in the year 1923, $33,470.16; and in the year 1924, $22,358.94. These amounts were all the profits of the company after the payment of 5 per cent. as a dividend on the capital stock. The plaintiff, in making its income tax returns for the said years, deducted the above amounts as salary expenses in computing the net incomes. The Commissioner of Internal Revenue refused to accept these amounts as reasonable deductions for salaries to Howard Heath and S. Roy Heath but allowed as reasonable the sum of $20,000 for salaries for the year 1920 and $20,400 for each of the other years. The result of this reduction of salaries was to increase the income of plaintiff and additional assessments were made by the commissioner for the years in question embracing the total sum sought to be recovered in this suit. The plaintiff on May 4, 1926, paid the additional assessment for the year 1920 less a portion credited April 15, 1926, and paid the additional assessments for the remaining years on March 22, 1927, May 25, 1927, and September 15, 1927.

The plaintiff filed refund claims on the ground that the full amounts should be allowed as a salary deduction and the commissioner rejected the claims on December 11, 1928, January 25, 1929, and July 17, 1931.

The only question in this case is the reasonableness of the allowance for salaries made by the Commissioner of Internal Revenue. The plaintiff contends the contracts made by it with Howard Heath and S. Roy Heath are binding and its only possible profit for income tax purposes was the 5 per centum dividend and the balance of the profits was a reasonable allowance for salaries of its officers.

■ The mere fact that the plaintiff entered into contracts with its officers for a fixed proportion of its profits to be paid as salaries does not make the amounts, so contracted to be paid, ordinary and necessary expenses of the business under the income tax laws, even if the contracts are binding upon the parties. The amounts deducted by the plaintiff had no relation to the services rendered and were not in fact fair compensation for their services "but merely a distribution of a fixed percentage of the net profits." Botany Worsted Mills v. United States, 278 U. S. 282, 293, 49 S. Ct. 129, 133, 73 L. Ed. 379.

■■ The plain intention of the contracts was to provide for a distribution of profits and not to fix a reasonable compensation for services. The commissioner had the right to inquire into the reasonableness of the amount taken as deductions for salaries, whether under contracts entered into between the plaintiff and its officers, or by allowance fixed by the board of directors. The commissioner having fixed what be believed to be a reasonable allowance for salaries, the amount disallowed must be taken as an unreasonable allowance. The legal presumption. is the officer has acted fairly and reasonably. The burden was then upon the plaintiff to show by the preponderance of the evidence that the deductions taken by it were reasonable. The evidence totally fails to establish the reasonableness of the amounts paid to its officers as salaries, and taken by the plaintiff as deductions for income tax purposes as ordinary and necessary expenses in the conduct of its business. Meyer Hecht v. United States, 54 F.(2d) 968, 73 Ct. Cl. 579.

The case of Gray & Company v. United States, 35 F.(2d) 968, 68 Ct. Cl. 480, is relied upon by the plaintiff to maintain its recovery. In that case the proof was overwhelming and the court found as a fact that the amounts paid by the company to its officers as compensation for services were reasonable and the amounts allowed by the commissioner were unreasonable. In the instant case the plaintiff has failed to prove the unreasonableness of the allowances made by the commissioner. The burden is on the plaintiff and it has not sustained it by satisfactory evidence.

The plaintiff has failed to show that the amounts fixed by the commissioner were not reasonable allowances. Failing to establish this fact by the preponderance of the evidence, the action of the commissioner, in including the difference between the amounts taken as deduction for salaries and the amounts allowed by the commissioner as income and subject to tax, must be sustained.

The petition is dismissed. It is so ordered.

BOOTH, Chief Justice, took no part in the decision of this case on account of illness.