**IVES DAIRY, Inc., v. COMMISSIONER OF INTERNAL REVENUE.**

No. 6602.

Circuit Court of Appeals, Fifth Circuit.

May 24, 1933.

Douglas D. Felix, of Miami, Fla., and Jesse I. Miller, of Washington, D. C., for petitioner.

G. A. Youngquist, Asst. Atty. Gen., Sewall Key and Andrew D. Sharpe, Sp. Assts. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and P. M. Clark and Stanley B. Pierson, Sp. Attys., Bureau of Internal Revenue, all of Washington, D. C., for respondent.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

FOSTER, Circuit Judge.

This petition to review a decision of the Board of Tax Appeals presents purely a question of fact. The findings and opinion of the Board reported in 23 B. T. A. 579 fully cover the case, and we may refer thereto for the facts in detail.

Briefly stated, the material facts are these: Petitioner owns some 485 acres of land, located about 17½ miles north of Miami, Fla. It had been acquired prior to 1924 at a cost of $27,600. The land was used as a dairy farm, and improvements for that purpose had been placed on it. These improvements had a depreciated value of $13,266.71 in 1925, and the whole property was carried on the books of petitioner at a value of $40,866.71. In 1925 the entire property was sold to Lorrain G. Smith for $237,500, $60,000 cash and the balance represented by five notes, maturing respectively on February 15, 1926, to 1930, inclusive, secured by a mortgage on the land and improvements. In addition thereto, also secured by the mort-

136

gage, Smith had executed a note for $12,250, representing one-half of the broker's commission on the sale, which he had agreed to pay. Smith intended to subdivide the property into lots, to be released from the mortgage as sold, but this project failed, and the entire property remained in petitioner's possession and continued to be used as a dairy farm. In making its income tax return for 1925, petitioner considered these notes as having no fair market value and did not include them in the profit on the sale. The Commissioner valued the notes at their face amount and treated the transaction as an installment sale. On this basis the Commissioner determined a deficiency of $2,998.93. The Board of Tax Appeals gave a fair market value of $20,000 to the notes and redetermined the deficiency at $643.37. To sustain the burden of showing that the notes had no fair market value, petitioner introduced the testimony of seven witnesses, some bankers and some real estate men. These witnesses fixed the value of the property for agricultural purposes at from $20 to $50 per acre, and the testimony tended to show that, in the opinion of the witnesses, the notes could not be sold without recourse, and standing alone were not considered good collateral for a loan at a bank. Cason, president of petitioner, testified that the value of the property for agricultural purposes was $50 per acre; that he had made no effort to sell the notes; that he had endeavored to use them as collateral for a loan of $15,000 with a bank in Miami and the loan was declined unless he would personally indorse the note.

We are not at liberty to reverse a decision of the Board of Tax Appeals based on facts found by the Board if there is any substantial evidence to sustain it. Phillips v. Commissioner, 283 U. S. 589, 51 S. Ct. 608, 75 L. Ed. 1289. The Florida land boom had collapsed, and it may be assumed that the property had no value for the purpose for which Smith purchased it. It may also be assumed that Smith was not sufficiently solvent to add any considerable value to the notes. But the fact remains that the land and improvements had a fair value of over $40,000 as a dairy farm before the sale to Smith, and that value had not appreciably declined. This was substantial evidence that the Board could consider as opposed to the opinion evidence of the witnesses. We concur in the conclusion reached by the Board.

The petition is dismissed, and the judgment of the Board is affirmed.