## FRENCH DRY CLEANING CO. v. COMMISSIONER OF INTERNAL REVENUE.
### No. 7290.

Circuit Court of Appeals, Fifth Circuit.
July 17, 1934.

Herbert J. Haas, Bertram S. Boley, and Joseph F. Haas, all of Atlanta, Ga., for petitioner.

Lucius A. Buck and Sewall Key, Sp. Assts. to Atty. Gen., Frank J. Wideman, Asst. Atty. Gen., and E. Barrett Prettyman, Gen. Counsel, Bureau of Internal Revenue, and W. Frank Gibbs, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

FOSTER, Circuit Judge.

On January 16, 1928, petitioner transferred substantially all its assets to Atlanta Laundries, Inc., a Delaware corporation, organized for the purpose of consolidating and acquiring the business and assets of petitioner and ten other laundries and dry cleaning establishments operating in Atlanta, Ga. Petitioner received $305,331.18 cash, 3,025 shares of preferred stock, and 7,652½ shares of common stock of the new corporation, both having no par value. Petitioner returned no taxable income for 1928 and paid no tax. The Commissioner determined a deficiency of $37,994.17. In arriving at this conclusion he gave the preferred stock fair market value of $100 per share and the common stock $15 per share. On appeal the Board of Tax Appeals gave the preferred stock fair market value of $60 a share and the common stock no value at all, disallowed other items considered by the Commissioner, unnecessary to mention, and redetermined the deficiency at $12,299.11. The sole question presented for decision is whether the stock, preferred and common, is to be considered as having had fair market value when received, under the provisions of section 112, Revenue Act of 1928 (26 USCA § 2112).

Petitioner produced two witnesses, engaged in the investment banking and securities business, who testified that the stock of Atlanta Laundries, Inc., was not listed on any exchange, there was no dealers' market for it, and they did not know of any sales that had been made of it. But their testimony does not tend to show it had no value at all. It appears from the record that in July, 1932, Atlanta Laundries, Inc., defaulted on the payment of interest on its bonds. It is probable that thereafter the stock had little or no value. That, however, is immaterial as we are dealing with the situation existing in January, 1928, when the reorganization was effected. It further appears that for the twelve months ending November 15, 1927, petitioner's volume of business was approximately $505,000. The basis of cost of the tangible property transferred was, in round figures, $384,000. Since petitioner received only about $305,000 in cash, this left a considerable amount of the purchase price of tangibles to be represented by stock. In addition, the going business value was represented by stock. This must have been a large percentage of the value considered in effecting the consolidation.

From an unreported memorandum opinion in the record it appears the Board defined "fair market value" as "the price at which one willing to sell would sell and a person willing to buy would buy, both being familiar with all the facts and the seller not being forced to sell or the buyer forced to buy." In Stiles v. Commissioner, 69 F.(2d) 951, we defined the term "fair market value" as used in the revenue acts in practically the same language. It also appears from the opinion that the Board fixed the value of the

stock according to the value given it by the Commissioner in compromising with another corporation, party to the same reorganization. The Board found that petitioner had failed to overcome the presumption in favor of the correctness of the Commissioner's finding, except as the Board modified it. We concur in the conclusion reached by the Board.

The record presents no reversible error.

The petition is denied.