**PIPER v. COMMISSIONER OF INTERNAL REVENUE.**

No. 7903.

Circuit Court of Appeals, Fifth Circuit.

July 3, 1936.

Rehearing Denied July 28, 1936.

W. H. Harris, of Fort Valley, Ga., for petitioner.

Robert H. Jackson, Asst. Atty. Gen., Helen R. Carloss and Sewall Key, Sp. Assts. to the Atty. Gen., and Clay C. Holmes, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., for respondent.

Before FOSTER, SIBLEY, and WALKER, Circuit Judges.

FOSTER, Circuit Judge.

The Commissioner of Internal Revenue determined a deficiency of $4,294.88 on petitioner's return for income taxes for the year 1926. On appeal to the Board of Tax Appeals the ruling of the Commissioner was affirmed. 32 B.T.A. 142. This appeal followed.

The case presents purely a question of fact. It appears that petitioner is a resident of Palm Beach, Fla., engaged in the business of interior decorating. In 1920 she purchased certain real estate in New York City, referred to as "57th Street property" for $19,000. Subsequent improvements and other expenses increased the basic cost to $31,536.64. In June, 1926, she sold the property to B. J. and L. V. Weils, for $75,000. The Weils deceived her as to the actual purchaser and substituted one Bertha Kahn, a domestic servant in their employ, and the deed was made to her. Petitioner received $5,000 cash on the consummation of the sale. A check on the New York bank for $20,-

000 was sent to her about 65 days later and still later a purchase-money second mortgage for $37,500 was sent to her, the purchaser assuming a first mortgage of $12,500, making up a total of $75,000. The proceeds of the $20,000 check and about $4,000 of the cash payment were lost through the failure of a Florida bank. Being in need of money to complete the building of an apartment house in Florida, petitioner went to New York and there endeavored to sell the $37,500 mortgage, through two personal friends, Williams, a real estate and insurance broker doing business in Larchmont, N. Y., and Leys, a wholesale jeweler in New York City, but was unsuccessful. Apparently, she made no other efforts to sell this mortgage. She then borrowed $8,000 from a bank on her personal note, secured by the indorsement of Williams and the mortgage note. The mortgage was paid in full about one year and a half later. She did not return any profit on the sale in making her income tax return for 1926. The Commissioner allowed a discount of 10 per cent. on the face of the mortgage note in determining the deficiency.

The Board held that petitioner had failed to overcome the presumption in favor of the correctness of the Commissioner's determination of the deficiency. Under the provisions of section 202 (c) of the Revenue Act of 1926 (44 Stat. 11), the fair market value of the $37,500 mortgage was to be considered as part of the sale price in determining the profit derived from the sale of the real estate. It is certain that it had the value of $8,000 as a security. The deed and the mortgage are not in the record. It is not shown when the mortgage was due, but, since it was accepted as security by a bank and paid in full in a short time, it may be presumed that it had a much greater market value than $8,000.

We concur in the findings of the Board. Williams v. Commissioner (C.C.A.) 45 F. (2d) 61; Ives Dairy v. Commissioner (C.C.A.) 65 F.(2d) 135; Stiles v. Commissioner (C.C.A.) 69 F.(2d) 951.

The record presents no reversible error. The petition is denied, and the judgment of the Board is affirmed.

WALKER, J., concurred in the disposition of this case, but died before the opinion was handed down.