ASTORIAN-BUDGET PUBLISHING COMPANY, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 100629.    Promulgated July 10, 1941.

*Charles E. McCulloch, Esq.,* and *Thomas B. Stoel, Jr., Esq.,* for the petitioner.

*B. M. Coon, Esq.,* for the respondent.

## OPINION.

Arnold : The respondent contends that Dorothy Engle performed no substantial services for the petitioner which would entitle her to compensation of $2,340 for 1936. It is his contention that the $600 allowed is more than adequate for the services rendered. Petitioner contends that $1,040 represents compensation fixed by the directors for her services, and that the $1,300 paid her is in the nature of a pension pursuant to the agreement between Chessman, Aldrich, and Lamkin.

The testimony and our findings of fact show that Dorothy Engle rendered no clerical or supervisory services to the petitioner. Her services were limited by her physical condition to advising and consulting with the other directors two or three times a month. Aldrich was an experienced newspaper man and his advice and opinions were undoubtedly valuable, but this is not so as to Dorothy Engle. Unlike Aldrich, she had no substantial business experience upon which to formulate opinions. According to the testimony she took over and operated two small drug stores after her husband's death, and lost a large part of her inheritance. Thereafter, she attempted to operate an apartment house and while so engaged she suffered the broken hip which has since incapacitated her. We do not feel that such business experience qualified her to advise and consult on the major policies of a daily newspaper. She had had no previous experience in the newspaper business, and, despite the resolution of the board of directors, which allocated $20 a week to her as a salary, and despite the testimony of Chessman and Aldrich that they believed the salary voted her was reasonable, we are not convinced that respondent erred

in his determination. In our opinion a tax deduction of $600 per year constituted a reasonable allowance as compensation for the personal services actually rendered by Dorothy Engle. *Home Industry Iron Works*, 8 B. T. A. 1267; *Monte Glove Co.*, 44 B. T. A. 539.

This allowance amounts to $25 per directors' meeting, based on an average of two meetings a month, and we can not say that the services rendered by a person of Dorothy Engle's limited experience entitled her to a larger compensation.

Petitioner contends that, if it is not allowed to deduct the entire $1,040 as salary or compensation, the difference, $440, should be treated the same as the $1,300 paid pursuant to the agreement with Lamkin. Under the agreement Chessman and Aldrich were obligated to see that Lamkin's next of kin received $45 per week so long as such next of kin continued to hold petitioner's stock. The agreement did not contemplate or provide for contingencies that might arise, such as disposition by the heir of part of the stock inherited, inability of the heir to serve as a director or officer, or other possible contingency. The agreement was between petitioner's stockholders as individuals, and not between Lamkin and the petitioner as a corporate entity. Formally, therefore, petitioner was not obligated to make these payments, but since its stock was so closely held and the three principal stockholders had been associated together in business for years, petitioner was operated more like a partnership than a separate legal entity. This fact, no doubt, influenced Chessman and Aldrich to consider their agreement with Lamkin as a corporate obligation.

Petitioner relies upon our decision in *Seavey & Flarsheim Brokerage Co.*, 41 B. T. A. 198, 202, 203; art. 23 (a) (9), Regulations 94; and I. T. 3329, C. B. 1939–2, p. 153, to justify the $1,740 deduction. In the cited case there was a written contract between the employee and the taxpayer therein, whereby the latter obligated itself to pay the employee's widow $12,000 per annum if he would continue with the firm and not establish a competing business. Subsequent to the employee's death $12,000 per annum was paid to his widow, and the Board held that this was additional compensation for the employee's services, and therefore deductible. No comparable situation exists here, as there was no agreement between petitioner and Lamkin that the former would pay the latter's heir a salary or a pension of $45 a week. Factually, the two cases are distinguishable.

Article 23 (a) (9), *supra*, permits amounts paid "by a taxpayer for pensions to retired employees or to their families or others dependent upon them", to be deducted "as ordinary and necessary expenses", where taxpayer is not compensated by insurance or otherwise. It also provides that, where the salary of an officer is paid for a limited period after his death to his widow or heirs, in recogni-

tion of services rendered, such payments may be deducted. Strictly speaking, no part of the $45 paid Dorothy Engle was a pension, nor does petitioner so contend. Its contention is that the payment is in the nature of a pension. The payment more nearly complies with the second provision above, because it is the amount of salary that Lamkin received, it was paid to his heir, and the agreement clearly indicates that it was in recognition of services rendered by Lamkin. However, the only limitation of time on the payment is the period that Dorothy Engle continues to hold the stock. Such a provision bears more earmarks of a special provision for the distribution of profits to an officer-stockholder than it does of a pension payment. Laudable as we deem the disbursements made, we can not subscribe to petitioner's contention that the payments were pensions or sufficiently in the nature of pensions to be deductible as ordinary and necessary expenses.

In I. T. 3329, *supra*, it is obvious from the facts set forth that the period of time was limited to designated amounts for the calendar years by action of the board of directors, and the amounts paid were not conditioned upon continued stock ownership.

In view of the foregoing we must affirm respondent's determination.

*Decision will be entered for the respondent.*