*724 OPINION.
Lansdon:
The only question here is whether the payments provided for in the agreement above are deductible from the petitioner’s gross income in the several years in which such disbursements were made. It is alleged that the payments in question were ordinary and necessary business expenses and so deductible under the authority of section 234(a) (1) of the Revenue Act of 1921, which is as follows:
All the ordinary and necessary expenses paid or incurred during tlie taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered, and including rentals or other payments required to be made as a condition to the continued use or possession of property to which the corporation has not taken or is not taking title, or in which it has no equity.
If the payments in question are disallowed as ordinary and necessary business expenses as an alternative contention the petitioner asks that the several amounts thereof shall be deducted from its gross income in the respective taxable years as losses sustained, as provided in section 234 (a) (4) of the Revenue Act of 1921, which is as follows:
Losses sustained during the taxable year and not compensated for by insurance or otherwise, unless, in order to clearly reflect the income, the loss should in the opinion of the Commissioner be accounted for as of a different period. * * *
Ordinary.and necessary expenses include all regularly recurring disbursements for purposes relating to the earning of income. It is obvious that the payments here in question are not of the kind usually regarded as expenses of operation. So far as the evidence shows, they contributed in no way to the income of the petitioner *725 in any of the years in which deductions on account thereof are claimed.
In several instances the Board and courts have permitted deductions from income, as ordinary and necessary expenses, of certain disbursements not regularly recurring but that were necessarily incurred in connection with the operation of the business. In this category may be included attorney’s fees paid for the defense or prosecution of law suits resulting from controversies incident to the regular business activities of the taxpayer or for legal services in the preparation of tax returns or of papers relating to business operations. Union Collieries Co., 3 B. T. A. 540; J. W. Forgeus, 6 B. T. A. 291. Whether such expenses are for business purposes are questions of fact to be determined from the evidence. Frank H. Sullivan, 1 B. T. A. 93; Libby & Blouin, Ltd., 4 B. T. A. 910.
The agreement between the petitioner and Phinney obviously had two purposes, viz, (1) to secure the services of Phinney for an extended term of years, and (2) to eifectuate unified control of a majority of the stock of the corporation. The payments made for these purposes in Phinney’s lifetime may have been deductible as ordinary and necessary expenses, since they included Phinney’s salary as manager, but, even then, unified stock control was an additional element of consideration. After the death of Phinney the payments were continued in conformity with the agreement, although no service to the petitioner incident to the earning of its income resulted therefrom. From that time it is obvious that the disbursements in question.resulted in no other advantage to the petitioner than the assurance of continued control of a majority of the stock. Payments to secure control of the stock of a corporation or to add to or protect the capital assets of a corporation are capital expenditures. Cf. John C. Moore Corporation, 3 B. T. A. 430; J. Alland & Bro., Inc., 1 B. T. A. 631; Columbia Theatre Co., 3 B. T. A. 622; Market Supply Co., 3 B. T. A. 841; American Seating Co., 4 B. T. A. 649. We are of the opinion that the payments here involved were capital expenditures and were not deductible from the income of the petitioner in the several taxable years as ordinary and necessary expenses.
Having held that the payments made by the petitioner under the terms of the agreement set forth above were capital expenditures, and the record failing to show any loss sustained from the disposition of the rights acquired by such payments, we are of the opinion that there is no basis for the deduction of the amounts thereof from the petitioner’s income for the several taxable years of such payments as losses.
Reviewed by the Board.

Decision will be entered for the respondent.