**GEM JEWELRY CO., Inc. v. COMMISSIONER OF INTERNAL REVENUE.**

No. 12010.

Circuit Court of Appeals, Fifth Circuit.

Jan. 27, 1948.

Rehearing Denied Feb. 26, 1948.

Harry Dow and Joel W. Cook, both of Houston, Tex., for petitioner.

Austin Hoyt, Sewall Key, George A. Stinson, Helen R. Carloss, and Harry Marselli, Sp. Assts. to Atty. Gen., Theron L. Caudle, Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Rollin H. Transue, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before SIBLEY, HOLMES, and WALLER, Circuit Judges.

HOLMES, Circuit Judge.

This appeal involves income and excess profits taxes for the fiscal year that ended July 31, 1941. Two questions are presented: (1) Whether the Tax Court erred in sustaining the Commissioner's determination as to the deductions allowable as compensation for services of certain officers of the petitioner[1]; and (2) whether said court erred in sustaining the Commissioner's determination that the petitioner was not entitled to include in its equity invested capital the sum of $30,000, allegedly contributed as paid-in surplus. The evidence before the Tax Court consisted of the stipulation of facts agreed to by the parties, documents presented, and oral testimony.

The Tax Court disallowed portions of the salaries paid to the president and vice-president. The court correctly held that reasonableness of such compensation is a question of fact, and that, since the Commissioner's determination was presumptively correct, it had to be overcome by credible evidence. The court was not required to accept blindly the testimony of the diamond merchant who, as an expert witness, testified that in his opinion the salaries contended for were reasonable. The

---

[1] 26 U.S.C.A. Int.Rev.Code, § 23(a) (1).

determination of whether the evidence is sufficient to rebut the presumption in favor of the Commissioner's finding is for the Tax Court as trier of the facts.[2] The salaries paid were not fixed by an arm's-length transaction, for the two Jacobs brothers controlled the corporation,[3] and we agree with the Tax Court that the evidence was insufficient.

With respect to the second question, as to whether the Tax Court correctly sustained the Commissioner's determination that the petitioner was not entitled to include for the taxable year in its equity invested capital the sum of $30,000 allegedly contributed to paid-in surplus, we conclude that the Tax Court was correct in its holding that there was insufficient evidence to overcome the presumption of correctness of the Commissioner's determination. The Tax Court heard the evidence, and in its opinion carefully reviewed it. It was not convinced that there was any error in the Commissioner's findings.[4]

The judgment of the Tax Court is affirmed.

[2] Stiles v. Commissioner, 5 Cir., 69 F.2d 951.
[3] Crescent Bed Co., Inc., v. Commissioner, 5 Cir., 133 F.2d 424.

[4] Avery v. Commissioner, 5 Cir., 22 F. 2d 6, 55 A.L.R. 1277.