**BUILDERS STEEL CO. v. COMMISSION-
ER OF INTERNAL REVENUE.**

No. 14460.

United States Court of Appeals
Eighth Circuit.

June 16, 1952.

G. Lee Burns, Kansas City, Mo. (Reece
A. Gardner and Stinson, Mag, Thomson,
McEvers & Fizzell, Kansas City, Mo., on
the brief), for petitioner.

Harry Marselli, Sp. Asst. to Atty. Gen.
(Ellis N. Slack, Acting Asst. Atty. Gen.,
and Lee A. Jackson, Sp. Asst. to Atty.
Gen., on the brief), for respondent.

Before GARDNER, Chief Judge, and
WOODROUGH and RIDDICK, Circuit
Judges.

GARDNER, Chief Judge.

This case is before us for the second time
on petition to review a decision of the
Tax Court determining deficiencies in ex-
cess profit tax liability of petitioner for
the years 1942, 1943 and 1944. On the
first petition for review we vacated the
judgment of the Tax Court on procedural
grounds only and remanded the case to
that court for a new trial. Builders Steel
Co. v. Commissioner of Internal Revenue,
8 Cir., 179 F.2d 377. On retrial the Tax
Court sustained the deficiencies as deter-
mined by the Commissioner, whereupon
petitioner has again brought the case to
this court by petition for review. The only
issue presented is whether the salaries
paid by petitioner to its president, vice-
president, secretary-treasurer and one J.
H. Collopy for services rendered in each
of the calendar years involved were un-
reasonable and excessive and hence not
deductible under Section 23(a) of the In-
ternal Revenue Code. 26 U.S.C. § 23(a)
(1) (A). This section of the statute pro-
vides that in computing net income there
shall be allowed as deductions:

"(A) In general. All the ordinary
and necessary expenses paid or in-

curred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; * * *."

At the first of each of the years in controversy the salaries of these officers and Mr. Collopy were fixed as follows: Karl W. Schmidt, president, $17,500; Herbert C. Herrmann, vice-president, $12,500; Bernard C. Zwart, secretary-treasurer, $12,500; John H. Collopy, not an officer, $10,000. At the close of the year they were awarded bonuses as follows: Schmidt, president, $6,500; Herrmann, vice-president, $5,000; Zwart, secretary-treasurer, $5,000; Collopy, not an officer, $5,000. Petitioner in its tax returns deducted as salaries the amount of the original salaries fixed at the beginning of the year, plus the bonuses paid at the close of the year.

The Tax Court found on all the evidence before it, "that the salary payments of $17,500 to Karl W. Schmidt, $12,500 each to Herbert G. Herrmann and Bernard C. Zwart, and $10,000 to John H. Collopy were reasonable in amount. We further find that the total compensation of the officers to the extent of the bonuses of $6,500 to Karl W. Schmidt and $5,000 each to the remaining officers, which were voted at the end of the year after profits were determined, was excessive and not reasonable allowance for compensation for personal services actually rendered, within the meaning of section 23, Internal Revenue Code."

 As already observed the only question before us at this time is whether this finding of the Tax Court is sustained by substantial evidence or whether it is clearly erroneous. The finding involved a pure question of fact. Gem Jewelry Co. v. Commissioner, 5 Cir., 165 F.2d 991; Wright-Bernet v. Commissioner, 6 Cir., 172 F.2d 343; Miles-Conley Co. v. Commissioner, 4 Cir., 173 F.2d 958. We do not deem it necessary to indulge in an extensive review of the evidence before the Tax Court. The evidence showed and the Tax Court found that all of these parties serving petitioner were very efficient and very industrious. We think it significant, however, that all these qualities were well known to petitioner at the first of each of the years involved when the salaries were fixed and determined. These men had served the company faithfully for many years and the scope and character of the services anticipated were well known and presumably at the time the salaries were so fixed they were deemed by all concerned to be reasonable. All of these parties were stockholders. All except Collopy were officers and he, though not nominally an officer, apparently attended all meetings of officers or directors and gave advice or information on matters concerning the company's business. The bonuses given at the end of the year, according to the minutes of the petitioner, were based to a large extent at least upon the earnings that the company had made during the year and its consequent ability to pay. In addition to the fact that there were large earnings resulting to a greater or lesser extent from the efforts of these officers and employees, we cannot escape the thought that the distribution of earnings of the company had the effect of very substantially reducing the excess profit taxes collectible against the petitioner. It is argued that the bonuses could not be considered a distribution of earnings because Mr. Collopy held but a small block of stock as compared with the holdings of the others, and hence the earnings were not ratably distributed to the stockholders in proportion to their holdings. Even conceding that as a distribution of profits Mr. Collopy received more than his proportionate share, the other parties were heavy stockholders and the amount paid Mr. Collopy in excess of what might be due him as dividends was more than offset by the reduction in excess profit taxes collectible but for the allowance of these bonuses. As Mr. Collopy's capabilities were comparable to the other named employees, the company could not consistently avoid paying him a similar bonus as such omission would be a glaring admission that these bonuses were simply distributions of profits, and it also appears from the evidence that Mr. Collopy

would not have been satisfied unless he had been so recognized. Then too, as above observed, the payment of this bonus to Mr. Collopy, if allowed as a deduction, would have resulted in a very substantial saving to the petitioner and its stockholders. There was a great deal of oral testimony introduced relative to the reasonableness of these salaries. The question of the weight of that testimony and the credibility of the witnesses was for the Tax Court. Skelly Oil Co. v. Holloway, 8 Cir., 171 F.2d 670; Aetna Life Ins. Co. v. Kepler, 8 Cir., 116 F.2d 1; Nee v. Linwood Securities Co., 8 Cir., 174 F.2d 434. The Tax Court was not bound to accept opinion testimony as to the reasonableness of salaries even though it should be uncontradicted. Anchor Co. v. Commissioner, 4 Cir., 42 F.2d 99.

There was evidence before the court of salaries paid officers of other companies. A comparison of these salaries with those paid by the Kansas City Structural Steel Company, petitioner's largest and one of the most successful of its competitors during the years in question, showed that the salaries paid by petitioner were far in excess of those paid by the Kansas City Structural Steel Company; in fact, the salaries found to be reasonable by the Tax Court were at least as liberal as those paid by the Kansas City Company. There was similar evidence introduced with reference to six other companies. The business and character of the activities of these competing companies located in the same general area warranted giving weight to this testimony. The Kansas City Company, during the years in question, had very substantial profits. It was the province of the Tax Court as a trier of the facts to weigh the evidence with respect to the Kansas City Company. Certainly, evidence as to the amount paid for similar services by similarly located employers has an important bearing in determining the reasonableness of compensation. Hecht v. U. S., Ct.Cl., 54 F.2d 968; Clinton v. Commissioner, 7 Cir., 159 F.2d 102; Patton v. Commissioner, 6 Cir., 168 F.2d 28. It appears from the evidence that petitioner for the three years in question paid its officers and Mr. Collopy a total of $222,000, an amount greater than that paid by any of the other six companies, even though each of the other companies save one had sales and income before taxes in amounts substantially in excess of the petitioner. It also appears that the aggregate amount paid by petitioner as salaries was approximately 15 per cent of its sales while none of the other companies paid officers' salaries bearing as high a ratio to sales.

We are of the view that the challenged finding is not clearly erroneous and hence the decision of the Tax Court is affirmed.