## HEIL BEAUTY SUPPLIES, Inc. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 14360.

United States Court of Appeals
Eighth Circuit.

Oct. 15, 1952.

Jerome F. Duggan and Dubinsky & Duggan, St. Louis, Mo., on the brief, for petitioner.

Harry Marselli, Sp. Asst. to Atty. Gen. (Ellis N. Slack, Acting Asst. Atty. Gen., Robert N. Anderson and L. W. Post, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before SANBORN, JOHNSEN and COLLET, Circuit Judges.

JOHNSEN, Circuit Judge.

A corporate taxpayer seeks review of a decision of the Tax Court, which held that the amounts paid by it as "commission" to one of its officers—the owner of approximately 70 per cent of its capital stock—did not represent "compensation for personal services actually rendered", but constituted in reality and fact a distribution of corporate profits in lieu of dividends, and that such payments therefore were not deductible, for income tax purposes, as "ordinary and necessary expenses" in carrying on the corporate business, under section 23(a)(1)(A) of the Internal Revenue Code, 26 U.S.C.A. § 23(a)(1)(A).

The facts which follow are taken from the findings of the Tax Court, and these facts are not assailed here.

The corporation had been organized in 1941 by Melvin H. Heil and Carol W. Schuermann for the purpose of engaging in the business of selling beauty-parlor supplies. Mrs. Schuermann contributed $3400 in cash and Heil $1500, for which amounts stock was issued to them. The corporation thus had a paid-in capital of $4900, and this amount was never increased. Both contributors became officers of the corporation.

Heil, who had previously been a beauty-supply salesman, was made president, took charge of the selling activities and devoted his full time to the business. The corporation had a force of four to seven salesmen. Mrs. Schuermann, who was the operator of a local beauty shop, devoted no regular time to the affairs of the corporation. "From time to time", however, she did render "certain services", such as "aiding and assisting customers of beauty supply equipment by explaining hair dyes, permanent waving and hair tinting, and by showing them how to handle and use certain equipment." "On occasion she also participated in discussion * * * regarding the problem of business expansion." All of these services "she was always available to render * * * whenever needed."

Her position as officer carried no prescribed salary, but each year, the board of directors adopted a resolution allowing her "5% of the total net sales for the year" as "commission", the amount of which was computed and credited to her account at the close of the year. For the years 1943, 1944 and 1945, which are the taxable years here involved, these amounts had been, respectively, $6,305.75, $7,112.53, and $10,054.56.

The Tax Court made the following appraisal of the various elements of the situation: "The record does not show that the sale of petitioner's products was in any way increased as a result of services rendered by Mrs. Schuermann. There is no showing that the petitioner's volume of business increased or decreased in any proportion to an increase or decrease in Mrs. Schuermann's activities. The so-called commissions paid by petitioner to its major stockholder apparently bear no demonstrable relation to any personal services actually rendered by the recipient. * * * The facts that the payments bore no relation to the amount of services rendered and were a fixed percentage of net sales, which percentage did not vary from year to year, coupled with the facts that the recipient was a 74 per cent [sic] stockholder and that there is no evidence that, although the business was profitable, any dividends, as such, were ever paid, leads us to conclude that these payments were, in fact and in reality, distributions of profits in lieu of dividends."

Any payment arrangement between a corporation and a stockholder—and particularly a major stockholder, with his normal power of control—is always subject to close scrutiny for income tax purposes, so that deduction will not be made, as purported salary, rental or the like, of that which is in the realities of the situation an actual distribution of profits. 4 Mertens Law of Federal Income Taxation § 25.46, pp. 399, 400. And we have previously held that whether or to what extent payments made by a corporation to a stockholder represent compensation for services or constitute a distribution of profits is

essentially the determination of "a matter purely of fact." Twin City Tile & Marble Co. v. Commissioner of Internal Revenue, 8 Cir., 32 F.2d 229, 231. See also Ecco High Frequency Corp. v. Commissioner of Internal Revenue, 2 Cir., 167 F.2d 583; Gem Jewelry Co. v. Commissioner of Internal Revenue, 5 Cir., 165 F.2d 991.

■ Such a determination is one that is entitled to be made on all the elements of the particular case. Ordinarily, where the payments are found to constitute a distribution of profits, the evaluation will be one that has been arrived at by conclusionary inference. But where the inference has a rational basis, in the sense that there are circumstances of logical probative force to support it, in relation to and on a consideration of the evidence as a whole, there is no right on our part to touch such determination as the Tax Court may have made. All of the probative evidence—circumstances as well as direct testimony—necessarily is open to and should be considered by the Tax Court in resolving the factual probabilities of the situation, and it cannot be compelled to accept at face value the naked, interested testimony of the corporation or the stockholder, merely because that testimony is without direct contradiction by other witnesses—as the taxpayer here argues ought to have been done. Cf. Rand v. Helvering, 8 Cir., 77 F.2d 450, 451; Carmack v. Commissioner of Internal Revenue, 5 Cir., 183 F.2d 1, 2.

■ Appraising the record on this basis, as we must do, it is not possible for us to say that the Tax Court's finding here, that the payments made to Mrs. Schuermann were, "in fact and in reality, distributions of profits in lieu of dividends," is without substantial evidence to support it.

The annual payments of over $6,000, $7,000 and $10,000, successively made to her, were claimed to represent compensation for explaining or demonstrating "hair dyes, permanent waving and hair tinting" and the use of "certain equipment." What had been the frequency of these explanations or demonstrations, or how much time they had consumed, was not shown. Whether they were engaged in formally at the corporation's place of business or occurred as mere incidents of permitted observation of routine operations at her beauty shop was similarly not revealed. All that the Tax Court was told was simply that, while Mrs. Schuermann gave no regular time to the corporation's business, she had been called upon "from time to time" to make explanations or demonstrations, and that "she was always available to render such services whenever needed." The record further is without specific light on whether what she did was a normal factor in the operation of such a business or had any commercial value as contributing to the effecting or increasing of sales, so that the situation would not be subject to the inference that it had been engaged in by the corporation only as a stockholder activity because she chanced to be a beauty-shop operator.

Again, no part of the so-called "commission" was paid or supposed to be paid to her through the course of the year, as the claimed services might be rendered, such as would be the situation normally in the case of services rendered and intended to be compensated for as one of the ordinary and necessary incidents of regular commercial operation. Instead, she was to be paid a sum annually by the corporation, whose amount was to await computation and allocation at the end of the year in relationship to "total net sales", in the fashion of a determination and distribution of earnings. And the making of payments to her in the manner and to the extent done always had the practical significance and result of leaving the corporation without need or occasion to concern itself about profits or dividends as such for the two stockholders.

Viewing all of these elements against the background and setting of Mrs. Schuermann's dominant capital contribution in getting the business started, of Heil's intended role as developer and operator of the business, of the growth which the business came to make, of the discussion shown by the record to have been had from time to time about expanding the business and its capital needs, and of Heil's testimony as to Mrs. Schuermann's readiness at all times

"to put more money into the business," we think it must be held that there existed an ample evidentiary basis of circumstances of logical probative force to warrant a reasonable mind in concluding that what Mrs. Schuermann's contribution to the business was intended to be and what she was being compensated for was financial and not service relationship; that her concern was about obtaining, and her position was used to command, return upon her investment; that the fixed, unvarying percentage of "total net sales for the year" allowed her, from the time the corporation began, was, from its inception and throughout, related to the money which she had furnished and not to the vaguely described, incidental demonstrations of hair dyes, etc., which she sporadically may have been called upon to make; and that the amount paid her in a lump sum, after each year's business had been closed, represented in fact a distribution to her of net earnings or profits, which, except for her stockholder position, would not have been made the subject of the arrangement for purported compensation or of payment to her by the corporation otherwise than in dividends.

■ Mrs. Schuermann did however perform "certain services" for the corporation, as the Tax Court recognized. Services actually rendered, which are ordinary and necessary in the conduct of a business, and for which compensation has been paid, are of course properly a subject for deduction or credit, under section 23(a)(1)(A) of the Internal Revenue Code, to the extent of their reasonable value, having due regard for such margin of prudent judgment as may within natural managerial prerogative be legitimately exercised. And deduction or credit on such a basis should be allowed, if the evidentiary situation is appropriate for the purpose, even though the corporation, in the payments which it has made, has gone beyond these bounds and has been guilty, in part at least, of attempting to distribute profits as purported compensation.

■■ But the taxpayer is not in a position to complain of the Tax Court's failure to have made such an allowance, in any case where the evidence does not with sufficient definiteness show the nature and the amount of the services, to remove any stockholder sinecural tinge, to establish their ordinary and necessary relationship to a carrying on of the business, and to enable their fair value to be reasonably determined. In such a situation it may properly be held that the taxpayer has failed to sustain the burden resting upon him of demonstrating that the Commissioner's action, in making no such allowance, was wrong. See National Weeklies, Inc., v. Commissioner of Internal Revenue, 8 Cir., 137 F.2d 39, 42; Miles-Conley Co. v. Commissioner of Internal Revenue, 4 Cir., 173 F.2d 958, 960. Always a taxpayer can be required to clearly establish his right to any income tax deduction. Ingle Coal Corp. v. Commissioner of Internal Revenue, 7 Cir., 174 F.2d 569, 571.

Here, as has been pointed out, it was not possible to say from the evidence that such services as Mrs. Schuermann rendered had been of any substantial nature, either in time expended, or in necessary incidence to the business, or in results contributed. On all of these as well as any other evaluative aspects of the services rendered, the record is wholly vague and unilluminating. And, as a matter of fact, the taxpayer's present brief does not attempt to argue that, if all of the amount which Mrs. Schuermann received was not entitled to be paid as compensation, the Tax Court should have made a determination and allowance of what the services which she rendered were reasonably worth. What has been said is intended merely to make it impossible to attempt to inject any such contention by a petition for rehearing.

The decision of the Tax Court is affirmed.