**E. L. BRIDE, Individually, and E. L. Bride, Transferee, and E. L. Bride Company by E. L. Bride, Trustee, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 15084.

United States Court of Appeals
Eighth Circuit.

July 8, 1955.

Rehearing Denied Aug. 1, 1955.

**40**

Harry A. Hall, Kansas City, Mo. (Hall, Bresler & Cohn, Kansas City, Mo., were with him on the brief), for petitioners.

Harry Marselli, Sp. Asst. to the Atty. Gen. (H. Brian Holland, Asst. Atty. Gen., and Ellis N. Slack, Sp. Asst. to the Atty. Gen., were with him on the brief), for respondent.

Before GARDNER, Chief Judge, and WOODROUGH and VOGEL, Circuit Judges. ·

WOODROUGH, Circuit Judge.

This appeal is taken to review a decision of the Tax Court which sustained deficiency of $197,377.80 in Section 102 surtax liability for E. L. Bride Company for the taxable year ended July 31, 1948. Section 102(a) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 102 (a), imposes an additional tax upon a corporation formed or availed of for the purpose of preventing the imposition of the surtax upon its ·shareholders through the medium of permitting earnings or profits to accumulate instead of being divided or distributed; and Sec-tion 102(c), 26 U.S.C.A. Int.Rev.Code, § 102(c), provides that the fact that earnings or profits of a corporation are permitted to accumulate beyond the reasonable needs of the business shall be determinative of the purpose to avoid surtax on shareholders unless the corporation shall prove to the contrary by a clear preponderance of the evidence. The Tax Court upheld the determination of the Commissioner that the Company was availed of for the purpose of preventing the imposition of the surtax upon its shareholder through the medium of permitting earnings or profits to accumulate instead of being divided or distributed, and the amount of deficiency was accordingly computed as required by the section and assessed against petitioner E. L. Bride as assignee. 26 U.S. C.A. § 102.

It appeared without dispute that E. L. Bride individually carried on the business of buying petroleum products from refineries and selling them to smaller lot purchasers for some 28 years. On July 28, 1947, he formed the E. L. Bride Company with a paid-in capital of $25,000 and took 248 of the 250 shares of capital stock. The business was turned over to the company. He served as president and for the taxable year ended July 31, 1948, drew $25,501 as compensation. The Company carried on the same business that Mr. Bride had operated and it had large net earnings and profits in the taxable year ended July 31, 1948, which earnings and profits it permitted to accumulate instead of being divided or distributed. The federal tax paid by Mr. Bride for the year 1948 was $7,381.-92, but if the earnings of the corporation less income taxes in that year had been distributed to him as the sole beneficial owner of the capital stock by way of dividend he would have incurred a tax liability of $345,240.84.

It was not shown that Mr. Bride's incorporation of his business produced any particular substantial business consequences except that it permitted the large net earnings of the business to be

accumulated in the corporation's bank accounts and receivables instead of being received by Mr. Bride and so prevented the imposition of the surtax upon him. The Commissioner did not make any determination as to whether or not the company was formed for the purpose of accomplishing that result. He confined himself to determining that the Company was availed of to bring the result about "through the medium of permitting gains and profits to accumulate instead of being distributed" within the intendment of the statute.

On the trial of the case before the Tax Court the facts were shown by stipulation and testimony given by Mr. Bride, his son, and the president of the bank where the Company had its banking account and where Mr. Bride had had his personal account prior to the incorporation. Although the decision of the Tax Court determines the deficiency for only the one taxable year ended July 31, 1948, the Court had before it a complete showing through the books of account and the testimony of the witnesses of all the business of the Company from its organization in July of 1947 until it was liquidated by turning the business back to Mr. Bride on his assumption of the obligations on March 31, 1949. The Court's carefully considered findings of fact include the Company's profit and loss statements; its bank deposits, withdrawals, and end of the month balances; monthly balances in its accounts receivable and accounts payable and the Company's balance sheets, and the Court's finding that for the taxable year ended July 31 the Company permitted its earnings or profits to accumulate beyond the reasonable needs of its business, was based on full consideration of all the particulars of the business. In the opinion of the Court accompanying the findings it discusses each of the contentions made for Mr. Bride to justify the Company's accumulating without distributing profits of $698,088.17 in cash, and $170,660.46 in receivables in the year ended July 31, 1948, and $784,806.46 in cash and $129,720.88 in receivables at the time of liquidation on March 31, 1949. The Company's liabilities exclusive of taxes on July 31, 1948, were only $102,620.10, and on March 31, 1949, they were $101,912.37, and it was operating in a seller's market throughout the year and into the next. It was always able to promptly resell the products it had committed itself to purchase and its accounts receivable always averaged two and a half times its bills payable. There were no bad debt losses on the receivables except one of $1,281.72 that was negligible in comparison with the $6,818,078.32 volume of business. The Court found that neither the testimony of the Company's president nor the corporate minutes substantiate the existence of any specific requirement of the business or plan or objective which in the exercise of good business judgment demanded the accumulation of the Company's earnings or profits in a reasonably definite amount. Though Mr. Bride and the Company were not brokers in the technical sense, the business carried on by Mr. Bride and then by the Company was like brokerage to the extent that the physical possession of the products bought and sold was never in Mr. Bride nor in the Company. No facilities for storing petroleum products were ever owned for use in the business by either of them. The evidence of the witnesses was not such as to require the Court to find that there was a resolution on the part of the Company or any real opportunity offered it to depart from the long established course of business and embark upon an untried storage and distribution business.

Consideration of all the evidence convinces that it affords substantial support for the declaration of the Tax Court that "Neither the testimony of the company's president nor the corporate minutes substantiate the existence of any specific plan or objective which in the exercise of good business judgment demanded the accumulation of the company's earnings or profits in a reasona-

bly definite amount. At most such evidence establishes a somewhat nebulous intention to expand at some future and indefinite time. Moreover, the evidence shows that the Company was not able to carry out any such contemplated plan of expansion because of the scarcity of storage tanks and tank cars at the time."

■ The petitioners urge this court to "draw its own conclusions from the facts in the record" and in effect to try the case de novo. But in Helvering v. National Grocery Co., 304 U.S. 282, 58 S.Ct. 932, 82 L.Ed. 1346, the Supreme Court holds that in this kind of a case "to weigh the evidence, draw inferences from it and declare the result is" not the function of this court. It reversed the decision of the Third Circuit 92 F. 2d 931 which undertook to enforce its own opinion rather than the supported findings of the Board of Tax Appeals as to whether dividends should have been declared by the corporation there involved.

■ The opinion of the Tax Court herein clearly reflects its full recognition that section 102(a) does not empower the court to substitute its judgment for the judgment of the corporation officers in the matter of whether or not corporate dividends should be declared.

The Revenue Acts have contained the safeguard against avoidance of stockholders' surtaxes through accumulating instead of distributing corporate earnings for many years and the Tax Court and its predecessor have considered a large number of cases arising thereunder. The Tax Court has settled in numerous decisions approved on review, that determination of reasonable needs of its business is in the first place a task for the officers and directors of a corporation; that the court would be hesitant to attribute a sinister or ulterior motive to them; that the law contemplates that any business may grow and may finance its proper expansion and plow its earnings back into the business for immediate use and section 102 is not based on the contemplation that a business should remain static.

■ But the Tax Court and reviewing courts have also recognized in many cases that Section 102 lays a tax upon corporations that use their powers to prevent imposition upon their stockholders of the federal surtaxes. That the section is not unconstitutional, and is not unjust, but is plainly required to prevent obtaining discrimination in income taxation by the means covered in the section.

■ The evidence in this case seems to present the exact situation to which Section 102 is applicable. The only thing shown to have been accomplished by the incorporation of Mr. Bride's personal business was the very great saving of tax to Mr. Bride. Whether he foresaw it when he organized the corporation or only found it out when he decided to let the gains and profits accumulate instead of making distribution of them is immaterial. He was then aware of what he would save by the accumulating and availed himself of the opportunity to avoid surtax which the existence of the corporation afforded. The fact of the accumulating beyond the reasonable needs of the business as found by the Tax Court is determinative of the purpose to avoid surtax on shareholders. And the corporation did not have a clear preponderance of the evidence to prove to the contrary.

■ The issue which was presented to the Tax Court was one of fact to be determined by that court as the trier of the fact and its decision that the company permitted its earnings to accumulate in the taxable year ended July 31, 1948, beyond its reasonable business needs and that the company was availed of for the purpose of preventing the imposition of surtax upon Mr. Bride by permitting its profits to accumulate instead of being distributed were supported by substantial evidence. The court's conclusion that the company did not prove the contrary by a clear preponderance is in ac-

cord with the record. Becton, Dickinson & Co. v. Commissioner, 3 Cir., 134 F.2d 354; Beim Co. v. Landy, 8 Cir., 113 F.2d 897; W. H. Gunlocke Chair Co., v. Commissioner, 2 Cir., 145 F.2d 791; Helvering v. National Grocery Co., 304 U.S. 282, 58 S.Ct. 932, 82 L.Ed. 1346; Helvering v. Chicago Stock Yards Co., 318 U.S. 693, 63 S.Ct. 843, 87 L.Ed. 1086; McCutchin Drilling Co. v. Commissioner, 5 Cir., 143 F.2d 480; Olin Corp. v. Commissioner, 7 Cir., 128 F.2d 185; Semagraph Co. v. Commissioner, 4 Cir., 152 F.2d 62; Builders Steel Co. v. Commissioner, 8 Cir., 197 F.2d 263; Heil Beauty Supplies v. Commissioner, 8 Cir., 199 F.2d 193; Meier v. Commissioner, 8 Cir., 199 F.2d 392; Nelson v. Commissioner, 8 Cir., 184 F.2d 649; Owens v. United States, 8 Cir., 197 F.2d 450; Rider v. Commissioner, 8 Cir., 200 F.2d 524; Nee v. Linwood Securities Co., 8 Cir., 174 F.2d 434; Gibbs & Cox v. Commissioner, 2 Cir., 147 F.2d 60; Trico Products Corp. v. Commissioner, 2 Cir., 137 F.2d 424; Commissioner of Internal Revenue v. Cecil B. deMille Productions, 9 Cir., 90 F.2d 12; Koma, Inc., v. Commissioner, 10 Cir., 189 F.2d 390; Latchis Theatres of Keene v. Commissioner, 1 Cir., 214 F.2d 834; Medical Arts Hospital of Dallas v. Commissioner, 5 Cir., 141 F.2d 404; Whitney Chain & Mfg. Co. v. Commissioner, 2 Cir., 149 F.2d 936; World Pub. Co. v. United States, 10 Cir., 169 F.2d 186.

## II.

As has been stated, the Company was completely liquidated and its assets returned to Mr. Bride in consideration of his assuming the debts on March 31, 1949, and the petitioners contend in this court that the liquidating distribution made in the taxable year 1949 should be allowed as a credit during the taxable year ended July 31, 1948, under the provisions of 26 U.S.C.A. § 27(g).

We find the contention to be without merit. The claim made by peti-tioners in their pleadings before the Tax Court with respect to the allowance of the liquidating distribution as a credit under Section 27(g) was related to the second taxable period of the corporation as to which the Commissioner had originally sought to impose a Section 102 liability, i. e., the period from August 1, 1948 to March 31, 1949. The liquidating distribution made March 31, 1949, was treated as required by 27(g) in respect to the second taxable period including March, 1949, so that the Company was not held for any Section 102 surtax liability for that period. But the statute affords no basis for giving credit for the liquidation amount turned over in 1949 on the Section 102 liability for the taxable year ended July 31, 1948, which alone is in issue here.

The " 'dividends paid credit' " for corporations of Section 27 is as stated in its subsection (a) limited in scope and application to the taxable year and that limitation to the taxable year is continued in paragraph 1 of subsection (a) and in subsection (b). In order to arrive at the "undistributed Section 102 net income" on which the Section 102 surtax upon corporations is computed, the net income as otherwise computed is reduced by " 'the basic surtax credit' " as defined in Section 27(b), namely, by the "dividends paid *during the taxable year*" (italics supplied) after adjustment, etc. The statute means that in arriving at the undistributed net income upon the basis of which a corporation is subjected to Section 102 surtax, the only credit allowable with respect to dividends paid is for dividends paid during the taxable year. It nowhere sanctions such credit for dividends paid in other years.

We find nothing to the contrary in Gus Blass Co. v. Commissioner, 9 T.C. 15, relied on by petitioners.

The decisions of the Tax Court are affirmed.