STANDARD ASBESTOS MANUFAC-
TURING AND INSULATING COM-
PANY, Inc., Petitioner,

v.

COMMISSIONER OF INTERNAL REV-
ENUE, Respondent.

George M. RYDER, Executor of the
Estate of Alice D. Ryder, De-
ceased, Petitioner,

v.

COMMISSIONER OF INTERNAL REV-
ENUE, Respondent.

Nos. 16246, 16247.

United States Court of Appeals
Eighth Circuit.

April 4, 1960.

Rehearing Denied April 29, 1960.

Harry H. Ellis, Kansas City, Mo., made oral argument for petitioners.

C. Guy Tadlock, Attorney, Tax Div., Department of Justice, Washington, D. C., made oral argument for respondent.

Before GARDNER, VOGEL, and VAN OOSTERHOUT, Circuit Judges.

GARDNER, Circuit Judge.

This matter is before us on petitions to review two decisions of the Tax Court, one redetermining deficiencies in the income taxes of petitioner Standard Asbestos Manufacturing and Insulating Company, Inc., for the years 1949, 1950, and 1951, and the other redetermining deficiencies in the income tax of Alice D. Ryder for the years 1950 and 1952.

Subsequent to the filing of the petition of Alice D. Ryder in this Court, she departed this life, whereupon, on the suggestion of her death, on motion, George M. Ryder, Executor of the Estate of Alice D. Ryder, was substituted as petitioner.

Petitioner Standard Asbestos Manufacturing and Insulating Company, Inc. is a Missouri corporation with offices in Kansas City, Missouri. It filed its federal income tax returns for the calendar years 1949, 1950, and 1951 with the Collector of Internal Revenue for the Sixth District of Missouri at Kansas City, Missouri.

The Commissioner of Internal Revenue determined that there were deficiencies in income taxes against petitioner Standard Asbestos Manufacturing and Insulating Company, Inc. for the calendar years 1949, 1950, and 1951, in the respective amounts of $19,644.67, $40,843.10, and $56,432.34. In due course petitioner Standard Asbestos Manufacturing and Insulating Company, Inc. filed with the Tax Court of the United States its petition appealing from the deficiencies determined by the Commissioner as aforesaid. On appeal, the Tax Court of the United States entered its decision that petitioner was liable for deficiencies in federal income taxes for the calendar years 1949, 1950, and 1951 in the respective amounts of $11,094.67, $28,799.31, and $39,662.60.

Petitioner Standard Asbestos Manufacturing and Insulating Company, Inc. was incorporated to do a general asbestos and insulating business and has develop-

ed into a technical specialties contractor organization handling all or part of the specifying, fabricating, manufacture, cost estimating, erection and surface finishing in connection with highly technical construction work involving insulating, air conditioning, and temperature control installations. At all times material hereto petitioner Standard Asbestos Manufacturing and Insulating Company, Inc. was on an accrual basis of accounting and petitioner's accounting period was the calendar year, and petitioner's books were kept on these bases.

From April 1, 1949 until the present Willard D. Ryder has served as the president of petitioner Standard Asbestos Manufacturing and Insulating Company, Inc., George M. Ryder as vice-president and treasurer, and Richard E. Ryder as secretary. The Ryders are brothers. The three performed the duties of the major officers of the corporation and estimated, bid, and supervised the work on contracts of over $5,000.00.

They originally joined the petitioner Standard Asbestos Manufacturing and Insulating Company, Inc. shortly after its organization in 1918 by their father, Willard E. Ryder. They served it continuously except for short intervals during employment by other firms, and the wages which each of the three Ryder brothers received during the 1920s and 1930s was small, below the standard for the industry, until about 1937.

Petitioner Standard Asbestos Manufacturing and Insulating Company, Inc. paid to each of the three Ryders for services rendered during the years 1949, 1950, and 1951, the sums of $52,232.14, $65,290.17, and $65,290.17, respectively, and claimed same as business expenses in its income tax returns for the respective years. The Commissioner of Internal Revenue determined deficiencies for each of the three years in question, based upon the disallowance of compensations paid the three Ryders in excess of $35,-000.00 each for 1949, $40,000.00 each for 1950, and $40,000.00 each for 1951. On appeal, the Tax Court determined that reasonable compensation for servic-

es rendered by each of the brothers was $42,500.00 for 1949, and $47,500.00 for each of the years 1950 and 1951, and that the compensations paid the Ryders in excess of these amounts in these years were unreasonable to the extent they were so in excess.

Alice D. Ryder, testatrix of petitioner George M. Ryder, Executor, was at all times pertinent to the issues herein a resident of Kansas City, Missouri. She filed her federal income tax returns for the calendar years 1950 and 1952 with the Collector of Internal Revenue for the Sixth District of Missouri, at Kansas City, Missouri.

The Commissioner of Internal Revenue determined that there were deficiencies in income taxes against her for the calendar years 1950 and 1952 in the respective amounts of $11,128.84 and $5,168.43, together with additions to tax under the Internal Revenue Code of 1939, Section 294(d) (1) (A), 26 U.S.C.A. § 294, of $1,444.66, and under Section 294(d) (2) of $963.10, both for 1950, and duly notified her of such deficiencies on October 18, 1955. In due course she filed with the Tax Court of the United States her petition appealing from the deficiencies determined by the Commissioner as aforesaid. The appeal was consolidated with that filed by Standard Asbestos Manufacturing and Insulating Company, Inc., supra. Both appeals were decided on the pleadings and stipulations of facts, and evidence offered and accepted during the trial thereof, and in due course the Tax Court of the United States entered its decision holding that she was liable for deficiencies in federal income taxes for the calendar years 1950 and 1952 in the respective amounts of $3,710.03 and $4,558.74, plus additions to tax for the 1950 calendar year under the Internal Revenue Code of 1939 of $776.95 as a penalty under Section 294 (d) (1) (A), and $517.97 as a penalty under Section 294(d) (2).

Alice D. Ryder was 84 years old, and was the widow of Willard E. Ryder, the founder and president of Standard Asbestos Manufacturing and Insulating

Company, Inc. from its organization in 1918 until his death April 1, 1949. Following Mr. Ryder's death, petitioner Standard Asbestos Manufacturing and Insulating Company, Inc. paid Mrs. Ryder a sum of money each year and denominated it a "pension". In the year 1950 Mrs. Ryder received $27,367.40 from Standard, and in 1952 she received $32,645.09 from Standard, pursuant to authorization by its Board of Directors.

The Tax Court determined that these payments to her by petitioner Standard Asbestos Manufacturing and Insulating Company, Inc., "constituted a distribution of profits and not a pension," and hence were taxable income to her and not deductible by petitioner Standard Asbestos Manufacturing. and Insulating Company, Inc. as a business expense. The evidence will be further developed in the course of this opinion.

Petitioners, in seeking reversal, contend (1) the Tax Court erred in holding that none of the compensations paid by petitioner Standard Asbestos Manufacturing and Insulating Company, Inc. to Willard D. Ryder, George M. Ryder, and Richard E. Ryder for the years 1949, 1950 and 1951 was intended as compensation for services rendered in prior years; (2) the Tax Court erred in holding that the compensations paid by Standard to Willard D. Ryder, George M. Ryder, and Richard E. Ryder, for the services rendered by each of them for the year 1949, were unreasonable to the extent that they were in excess of $42,500.00 for each of them, and the Tax Court erred in holding that the compensations paid to them for the services rendered by each of them for the years 1950 and 1951, respectively, were unreasonable to the extent they were in excess of $47,500.00 for each of them for each of said years; (3) the Court erred in holding that amounts accrued and paid by Standard in 1949, 1950, and 1951, in the sums of $20,491.08, $32,645.08, and $32,645.09, respectively, to Mrs. Ryder were not deductible by Standard in any part as a pension; (4) the Tax Court erred in holding that the amounts received by Mrs. Ryder from Standard in 1950 and 1952, in the sums of $27,367.40 and $32,-645.09, respectively, were distributions of profit and were includible in Mrs. Ryder's taxable income; and (5) the Tax Court erred in holding that Mrs. Ryder failed to meet the burden of proving reasonable cause for failure to file declaration of estimated tax for 1950, and erred in holding that additions to tax were applicable under the Internal Revenue Code of 1939, Sections 294(d) (1) (A) and 294(d) (2).

It is contended by petitioner Standard Asbestos Manufacturing and Insulating Company, Inc. that part of the salaries paid the Ryder brothers for the years 1949, 1950, and 1951 was to compensate them for services rendered in prior years. It is conceded by the Commissioner that the compensation paid these officers for a number of years prior to 1937 was comparatively low, but on December 20, 1937, the Board of Directors specifically took action to pay additional compensation for the years 1928 to 1930 in an amount equal to 40% of the salaries actually paid. The minutes show that the purpose of this payment was to make good for the low salaries paid the recipients from 1928 to 1930.

Again, at a meeting of the Directors on January 6, 1941, salaries of the Ryder brothers were raised to $11,000.00 because of the low salaries paid the executive officers prior to 1937, and on January 5, 1942, the Board of Directors, again reciting that low salaries had been accepted by the Ryder brothers during the years prior to 1937, again raised their salaries, this time to $20,000.00.

Conceding that the salaries from 1927 to 1937 were inadequate, the record clearly indicates that the corporation made corrections therefor prior to the taxable years. It is significant that the minutes of the company authorizing the salaries for the taxable years here in controversy, unlike prior minutes, make no reference to the low payment in earlier years, but instead were based upon the increase in the volume of business.

The minutes of the meeting reflect the following:

"A motion was presented by G. M. Ryder, as follows:

"In consideration of the constantly increasing volume of business being handled by the Company and recognizing the resultant increase in responsibility levied upon the officers, multiplying the demands upon their time, their energies, etc., it is directed that compensation to officers and key personnel be authorized and approved up to, but not to exceed, the following annual amounts:

W. D. Ryder, Acting President..$67,500.00
R. E. Ryder, Secretary.........$67,500.00
G. M. Ryder, Treasurer.........$67,500.00 * * *."

---

Referring to a somewhat similar situation presented to us in Builders Steel Co. v. Commissioner of Internal Revenue, 8 Cir., 197 F.2d 263, 264, we said:

"The bonuses given at the end of the year, according to the minutes of the petitioner, were based to a large extent at least upon the earnings that the company had made during the year and its consequent ability to pay. In addition to the fact that there were large earnings resulting to a greater or lesser extent from the efforts of these officers and employees, we cannot escape the thought that the distribution of earnings of the company had the effect of very substantially reducing the excess profit taxes collectible against the petitioner."

 There was no evidence that any portion of the salaries paid for the years in question was intended as payment for services rendered in prior years and it must be borne in mind that petitioner Standard Asbestos Manufacturing and Insulating Company, Inc., at the time these salaries were fixed, was a closed corporation and petitioner's officers were the owners of substantially all the stock. This presented a fact question for the determination of the Tax Court and its finding is presumptively correct and should not be set aside unless clearly erroneous. Builders Steel Co. v. Commissioner of Internal Revenue, supra; Twin City Tile & Marble Co. v. Commissioner of Internal Revenue, 8 Cir., 32 F.2d 229; Heil Beauty Supplies, Inc. v. Commissioner of Internal Revenue, 8 Cir., 199 F.2d 193. The burden of proof on this issue was on the petitioner. It produced no persuasive evidence that the salaries were enhanced to compensate for services for prior years, and the circumstantial evidence, in our opinion, constituted substantial evidence and warranted the finding assailed.

 As to the contention that petitioner Standard Asbestos Manufacturing and Insulating Company, Inc. was entitled to deduct the full amount paid the Ryder brothers as salaries, it remains to consider the argument that the salaries were in any event reasonable. It is to be noted that while the salaries here contested represented a very high percentage of net income in the taxable years, the salaries of other officers remained relatively unchanged. No other officer received more than $9,000.00 during the years in question. The reasonableness of these salaries presented a question of fact. Builders Steel Co. v. Commissioner of Internal Revenue, supra; Heil Beauty Supplies, Inc. v. Commissioner of Internal Revenue, supra; Gem Jewelry Co. v. Commissioner of Internal Revenue, 5 Cir., 165 F.2d 991; Wright-Bernet, Inc. v. Commissioner of Internal Revenue, 6 Cir., 172 F.2d 343; Miles-Conley Co. v. Commissioner of Internal Revenue, 4 Cir., 173 F.2d 958. In Build-

ers Steel Co. v. Commissioner of Internal Revenue, supra, we said:

"The only issue presented is whether the salaries paid by petitioner to its president, vice-president, secretary-treasurer and one J. H. Collopy for services rendered in each of the calendar years involved were unreasonable and excessive and hence not deductible under Section 23(a) of the Internal Revenue Code [26 U.S.C.A. § 23]. * * * As already observed the only question before us at this time is whether this finding of the Tax Court is sustained by substantial evidence or whether it is clearly erroneous. The finding involved a pure question of fact."

Likewise, in Heil Beauty Supplies, Inc. v. Commissioner of Internal Revenue, supra, in considering a finding of the Tax Court as to the reasonableness of salaries, we said [199 F.2d 194]:

"Any payment arrangement between a corporation and a stockholder—and particularly a major stockholder, with his normal power of control—is always subject to close scrutiny for income tax purposes, so that deduction will not be made, as purported salary, rental or the like, of that which is in the realities of the situation an actual distribution of profits. 4 Mertens Law of Federal Income Taxation § 25.46, pp. 399, 400. And we have previously held that whether or to what extent payments made by a corporation to a stockholder represent compensation for services or constitute a distribution of profits is essentially the determination of 'a matter purely of fact.'"

In support of the reasonableness of the officers' salaries petitioner Standard Asbestos Manufacturing and Insulating Company, Inc. offered the testimony of Mr. John Dragisic, an executive officer of the Asbestos and Magnesia Materials Company, a competitor of petitioner, that in his opinion the salaries here con-tested were reasonable and he compared these salaries with various salaries paid officers of his own company in support of his opinion. The Commissioner, on the other hand, offered the testimony of one Mr. David E. Kelley. This witness, also president of a competing company, testified that during the years in question he received a salary of between $15,000.00 and $16,000.00 in 1949, and between $25,000.00 and $26,000.00 in 1950 and 1951. His experience and ability were comparable to that of taxpayer's officers and his scope of activity and hours of work were comparable. It is to be noted that, during the years in question, taxpayer Standard Asbestos Manufacturing and Insulating Company, Inc. paid only $5,000.00 a year in dividends, whereas the company represented by Mr. Dragisic paid dividends of $50,000.00 in each of the taxable years. At most, the testimony presented a conflict to be determined by the Tax Court and that Court has resolved the conflict, if it can be called such, against the taxpayer. The Court fixed the salaries for the years in question at $42,500.00 for the year 1949, and $47,500.00 for 1950 and 1951, for each of the Ryder brothers, and we think the finding in this regard is sustained by substantial evidence. Other contentions in support of the Tax Court's decision as to the reasonableness of these salaries are urged but we find it unnecessary, in view of what we have already held, to give them further consideration.

Taxpayer Standard Asbestos Manufacturing and Insulating Company, Inc. paid Alice D. Ryder, widow of Willard E. Ryder, deceased, $20,491.08 in 1949, $32,645.08 in 1950, and $32,645.09 in 1951, designating it as "pension" and deducted said amounts from taxable income. The Commissioner disallowed the deductions and the Tax Court sustained the ruling of the Commissioner in this regard.

Alice D. Ryder's husband, for a number of years prior to his death, was a substantial stockholder and the president of Standard Asbestos Manufactur-

ing and Insulating Company, Inc. Shortly before the death of Willard E. Ryder, on February 17, 1949, the Ryder family, owning 473¼ of the 500 shares of Standard Asbestos Manufacturing and Insulating Company, Inc., signed an agreement which reads as follows:

"This Agreement, made and entered into this 17th day of February, 1949, by and between W. E. Ryder, Alice D. Ryder, Willard D. Ryder, Merle H. Ryder, George M. Ryder, Iris B. Ryder, Richard E. Ryder, Hazel M. Ryder and E. McElreath (hereinafter sometimes separately referred to as a 'stockholder' and collectively referred to as the 'Stockholders'),

"Witnesseth:

"Whereas, The Stockholders presently or prospectively own substantially all of the common capital stock (hereinafter referred to as the 'Shares') of Standard Asbestos Manufacturing and Insulating Co., a Missouri corporation (hereinafter referred to as the 'Company'), and

"Whereas, the Stockholders have agreed among themselves with respect to certain restrictions upon the transfer of the Shares, and desire to reduce said agreement to writing.

"Now Therefore, in consideration of the premises, the mutual covenants herein contained, and the mutual benefits to be derived herefrom, the sufficiency of such consideration being hereby acknowledged, it is understood and agreed between the parties as follows:

\* \* \* \* \* \*

"Article II.

"The surviving Stockholders, pro rata, are hereby given the irrevocable right and option to purchase the Shares of a deceased Stockholder within a period of ninety days following the death of such Stockholder unless he shall have provided by his or her Last Will and Testament for the ultimate transfer of such Shares to his or her spouse or lineal descendants. Such option shall be exercised and the purchase price determined and paid in all respects in the manner set forth in Article I hereof.

"Article III.

"If W. E. Ryder, Willard D. Ryder, George M. Ryder, or Richard E. Ryder shall leave all of his Shares to or for the benefit of his widow in his Last Will and Testament, either outright or in trust for her life, or if all of such Shares shall descend to such widow by operation of law, the Stockholders will cause the Company to pay a pension to such widow so long as she retains all of such Shares (or such trust continues and the trustee retains all of such Shares) and she does not remarry. Such pension shall be paid quarterly, and shall be the equivalent of 50% of the average of the salaries paid by the Company during the preceding quarter to W. E. Ryder and his lineal descendants."

The Tax Court, after reviewing the entire record in the present case, found that the payments made to Alice D. Ryder were made pursuant to this agreement, not as a pension, but rather to deter a widow of any of the Ryder family from selling her corporate stock and consequently to maintain family control over the corporation.

It is, however, argued that the payments made to Alice D. Ryder were in recognition of services of her deceased husband. It is to be noted that the agreement makes no reference to payments in recognition of past services of Mrs. Ryder's husband but the agreement authorizes payment in order to restrict the transfer of shares and retain family control of the corporation. It is significant, too, that the motion authorizing payment to Alice D. Ryder, makes no mention of recognition of past services of her husband. On the other hand, Mrs. Ryder maintained that she received the payments as gratuities.

■ What is said by the Tax Court in Astorian-Budget Publishing Co. v. Commissioner, 44 B.T.A. 969, and Union Packing Co. v. Commissioner, 1955 P–H T. C. Memorandum Decisions, par. 55,-308, is here apposite. In Astorian-Budget Publishing Co. v. Commissioner, supra, it is said:

"However, the only limitation of time on the payment is the period that Dorothy Engle continues to hold the stock. Such a provision bears more earmarks of a special provision for the distribution of profits to an officer-stockholder than it does of a pension payment."

And in Union Packing Co. v. Commissioner, supra, it is said:

"Payments were made only so long as the widow held the stock. Hazel Skivel performed no services and was not entitled to a salary. She received no distribution from the corporation except in this form and received this money by virtue of her stockholdings and as a dividend."

This presented a question of fact for the determination of the Tax Court. Manifestly, if payment to the recipient is for the purpose of assuring control over the stock, then this payment does not constitute a deductible business expense. Warren Steam Pump Co. v. Commissioner, 13 B.T.A. 721. We are persuaded that the conclusion of the Tax Court that the payments to Mrs. Ryder "represented a distribution of profits by the company" is sustained by the record and is not clearly erroneous.

■ Alice D. Ryder failed to file declaration of estimated tax for the year 1950 and the Commissioner added a penalty pursuant to Section 294(d) (1) (A), Internal Revenue Code of 1939. This action of the Commissioner was sustained by the Tax Court and this ruling is urged as erroneous. The penalty having been imposed, the burden was on Mrs. Ryder to prove that her failure to file such an estimate was "due to reasonable cause and not to willful neglect." Section 294(d) (1) (A), Internal Revenue Code of 1939; Southeastern Finance Co. v. Commissioner of Internal Revenue, 5 Cir., 153 F.2d 205.

■ It was argued before the Tax Court and the argument is here renewed that her failure to file the estimate of the tax for 1950 was due to the fact that she relied upon Edwin J. Yentzer, her accountant, and it is also urged that she was inactive because of her advanced age and ill health. In passing it may be observed that she apparently filed such return in 1949 and 1951 and, as pointed out by the Tax Court, she produced no evidence that she relied on her accountant nor did she produce any evidence that she was in ill health or inactive, but on the other hand she was one of the directors of the corporation and according to the record attended all its meetings. The finding of the Tax Court on this issue is presumptively correct and there is no basis in the record for holding that it is clearly erroneous.

■ In addition to imposing a penalty on taxpayer, Alice D. Ryder, for failure to file an estimate for the year 1950, the Commissioner imposed a penalty for substantial underestimation of her tax for that year. Not having filed an estimate, it cannot logically be contended that she substantially underestimated her tax. Commissioner of Internal Revenue v. Acker, 361 U.S. 87, 80 S.Ct. 144, 4 L.Ed. 2d 127. Counsel for the Commissioner, in his brief, concedes that the imposition of this additional tax constituted error and we so hold.

That portion of the Tax Court's decision imposing a penalty for substantial underestimation of the tax of Alice D. Ryder for 1950 is therefore reversed, and as so modified, the decision is affirmed.